UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUCIANA RAMIREZ | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 7:21-CV-34 |
| | § | |
| DOLGENCORP OF TEXAS INC., D/B/A | § | |
| DOLLAR GENERAL CORPORATION | § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Dolgencorp of Texas Inc. d/b/a Dollar General Corporation hereby removes this lawsuit, which is currently pending in County Court at Law #9, Hidalgo County, Texas, Cause No. CL-20-2697-I, to the United States District Court for the Southern District of Texas, McAllen Division, under this Court's diversity jurisdiction, and would respectfully show the Court as follows:

### BACKGROUND

1.      On July 2, 2020, Plaintiff filed in Texas state court her Petitioner's Verified Rule 202 Petition Seeking Pre-Suit Discovery of Respondent, Dolgencorp of Texas Inc. d/b/a Dollar General Corporation, and Application for Temporary Restraining Order and Temporary Injunction to Preserve Evidence, which was styled *Luciana Ramirez v. Dolgencorp of Texas Inc. d/b/a Dollar General Corporation*. *See* **Tab A**. In that Rule 202 Petition, Ramirez sought an order from the trial authorizing various forms of pre-suit discovery under Texas Rule of Civil Procedure 202. A Rule 202 proceeding is not removable to federal court. *See In re Johnson*, No. 3:13-CV-00231, 2013 WL 4459021 (S.D. Tex. Aug. 15, 2013) (holding rule 202 proceeding can never meet the

amount-in-controversy requirement for diversity jurisdiction); *Sawyer v. E.I. du Pont de Nemours & Co.*, No. 06-1420, 2006 WL 1804614 (S.D. Tex. June 28, 2006) (holding Rule 202 proceeding does not meet "civil action" requirement for removal).

2.      Plaintiff served Defendant with her Rule 202 Petition and process by certified mail on its registered agent. *See* **Tab B**.[1]

3.      Defendant filed an answer to the Rule 202 Petition. *See* **Tabs D**.

4.      The trial court and the Thirteenth Court of Appeals issued several orders in or regarding the Rule 202 proceeding. *See See* **Tabs C, E–K, M**. Defendant will separately file a state court record with additional trial court and appellate filings in the state courts.

5.      Plaintiff eventually filed her Plaintiff's First Amended Original Petition and Notice of Required Disclosures on January 13, 2021, abandoning her request for pre-suit discovery under Rule 202 and asserting causes of action for personal injury. *See* **Tab L**.

6.      Plaintiff demanded a jury trial in the First Amended Petition. *See* **Tab L**.

7.      Defendant has not answered Plaintiff's First Amended Petition in state court.

#### GROUNDS FOR REMOVAL

8.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

#### A.  Citizenship of the Parties

9.      Plaintiff is a natural person who is a citizen of the State of Texas.

---

[1] No executed process was filed with the trial court.

10.     Defendant Dolgencorp of Texas Inc. is a corporation incorporated under the laws of the State of Kentucky and its principal place of business is in the State of Tennessee. Accordingly, it is a citizen of those states for the purposes of diversity jurisdiction.

## B. Amount in Controversy

11.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

12.     Here, it is facially apparent from Plaintiff's amended petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges she seeks monetary relief over $250,000 but not more than $750,000. *See* Plaintiff's First Amended Original Petition, p. 1.

### REMOVAL IS PROCEDURALLY PROPER

13.     This notice of removal is timely filed within thirty days after Defendant was served with Plaintiff's First Amended Petition. *See* 28 U.S.C. §1446(b)(3).

14.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Hidalgo County, Texas, the place where the state court action was filed.

15.     Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, all matters required to be filed with the notice of removal are attached to this removal and identified in the index.

16.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Hidalgo County.

## PRAYER FOR RELIEF

17.     Defendant prays that the Court accept jurisdiction over the state court action for the

reasons set forth above, and grant Defendant any such other and further relief to which it may

show itself justly entitled.

Respectfully submitted,

 /s/  Jose "JJ" Treviño, Jr.

**Jose "JJ" Treviño, Jr.**
"Attorney-in-Charge"
State Bar No. 24051446
S.D. Tex. Bar No. 1076595
jtrevino@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this

22nd day of January 2021, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email:

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
*Counsel for Plaintiff*

/s/ Joseph E. Cuellar
**Joseph E. Cuellar**

## INDEX

A.  Petitioner's Verified Rule 202 Petition Seeking Pre-Suit Discovery of Respondent, Dolgencorp of Texas Inc. d/b/a Dollar General Corporation, and Application for Temporary Restraining Order and Temporary Injunction to Preserve Evidence (filed July 2, 2020)

B.  Service of Process

C.  Order for Temporary Restraining Order (signed July 14, 2020)

D.  Respondent's Original Answer (filed July 16, 2020)

E.  Order Extending Temporary Restraining Order (signed August 5, 2020)

F.  Order for Temporary Restraining Order (signed October 14, 2020)

G.  Order Granting Petitioner's Verified Rule 202 Petition Seeking the Deposition of Corporate Representative of Respondent (signed November 12, 2020)

H.  Order Setting Expedited Hearing on Respondent's Motion to Quash Deposition Notice of Dollar General (signed December 9, 2020)

I.  Order Denying Motion to Quash and Setting Rule 202 Deposition (signed December 23, 2020)

J.  Order from Court of Appeals (issued January 4, 2021)

K.  Order from Court of Appeals (issued January 12, 2021)

L.  Plaintiff's First Amended Original Petition and Notice of Required Disclosures

M.  Order Setting Expedited Hearing on Petitioner's Request for Sanctions (signed January 13, 2021)

N.  Docket Sheet (Trial Court)

O.  Docket Sheet (Appellate Court)

P.  List of Counsel of Record

**Tab A**

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CAUSE NO.:** _____

**CL-20-2697-E**

| | | |
|---|---|---|
| LUCIANA RAMIREZ, | § | IN THE COUNTY COURT |
|    *Petitioner*, | § | |
| | § | |
| V. | § | |
| | § | AT LAW NO. _____ |
| DOLGENCORP OF TEXAS INC., | § | |
| D/B/A DOLLAR GENERAL | § | |
| CORPORATION, | § | |
|    *Respondent.* | § | HIDALGO COUNTY, TEXAS |

---

### PETITIONER' S VERIFIED RULE 202 PETITION SEEKING PRE-SUIT DISCOVERY OF RESPONDENT, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION, AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION TO PRESERVE EVIDENCE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Luciana Ramirez, hereinafter sometimes referred to as "Petitioner", and files this Petitioner's Verified Rule 202 Petition seeking the Deposition of certain witnesses for Respondent, Dolgencorp of Texas Inc., doing business as Dollar General Corporation, with Subpoena Duces Tecum, and would respectfully show unto the Court the following:

### I.  DISCOVERY CONTROL PLAN & CLAIM FOR RELIEF

1.1     Discovery in this matter is governed by Rule 202 of the Texas Rules of Civil Procedure; and therefore, no discovery plan is necessary other than the pre-suit relief requested herein.

1.2     This is a Petition and Application seeking pre-suit discovery pursuant to Tex. R. Civ. P. 202 and no request for monetary relief is being requested herein. Therefore, Tex. R. Civ. P. 47 does not apply to these proceedings. This Court has jurisdiction over the

---

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

subject matter of this Petition pursuant to the Texas Constitution and Texas Rules of Civil

Procedure authorizing District Courts of Laws to issue Orders for Rule 202 Request for

Pre-suit depositions and that this specific court would have subject-matter jurisdiction over

the anticipated action. *In re Doe*, 444 S.W.3d 603, 608 (Tex. 2014).

## II.     PARTY CAPACITIES

2.1     Petitioner, Luciana Ramirez, is an individual who resides in McAllen,

Hidalgo County Texas.

2.2     Respondent, Dolgencorp of Texas Inc., doing business as Dollar General

Corporation, (hereafter called "DOLLAR GENERAL") is the owner of the property upon

which the business is located, and upon information and belief, is the operator of the Dollar

General located at 1913 W. Trenton Road, Edinburg, Texas, where the incident made the

basis of this suit occurred. Request is hereby made that the Clerk of the Court serve via

U.S. Postal first class mail **a copy of this Petition by serving DOLLAR GENERAL**

**registered agent for service: Corporation Service Company d/b/a CSC-Lawyers**

**Incorporating Service Company located at 211 E. 7th Street, Austin, TX 78701,**

**pursuant to Rules 21 and 21a, Texas Rules of Civil Procedure.**

## III.     VENUE AND JURISDICTION

3.1     Petitioner would show that venue is proper in Hidalgo County, Texas,

pursuant to Section 15.002(a)(1) of the Texas Civil Practices & Remedies Code, in that

Hidalgo County is the county in which all or a substantial part of the events or omissions

giving rise to the potential claim or suit occurred.

3.2     This Court has jurisdiction over the subject matter of this Petition pursuant

to the Texas Constitution and Texas Rules of Civil Procedure authorizing County Courts

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

of Law to issue Orders for Rule 202 Request for Pre-suit depositions and that this specific court would have subject-matter jurisdiction over the anticipated action. *In re Doe*, 444 S.W.3d 603, 608 (Tex. 2014). This Court has personal jurisdiction over Respondent, Dolgencorp of Texas Inc., doing business as Dollar General Corporation because Petitioner's potential cause of action arises out of this Respondent's business activities in the State of Texas.

### IV.   INTRODUCTION & BASIS FOR RELIEF REQUESTED PURSUANT TO RULE 202 T.R.C.P.

4.1     Upon initial information and belief, Dolgencorp of Texas Inc., is the owner and operator of the Dollar General, located at 3405 E Main Ave, Alton, Hidalgo County, TX 78573.

4.2     On or about the July 1, 2020, Petitioner, Luciana Ramirez, was a business invitee of Dollar General on 3405 E Main Ave., Alton, TX. Petitioner was walking through the store aisle of the Dollar General, when all of the sudden and without warning, she slipped on water that was covering a large area of the floor causing her to fall to the hard tilled floor, which resulted in Ms. Ramirez sustaining serious personal injuries.

4.3     Dollar General violated its floor surveillance policy, which requires certain employees to surveil the floor for wet spills and/or slippery areas that may present a dangerous hazard to patrons present within the premises. Dollar General failed to exercise ordinary care to protect Petitioner from danger. Petitioner's fall and his subsequent injuries were directly and proximately caused by Dollar General's negligence and breach of their legal duty to make the premises safe.

### V.   REQUEST FOR PRE-SUIT DISCOVERY

5.1     This Petition is filed pursuant to Rule 202 of the Texas Rules of Civil

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

Procedure seeking to investigate a potential suit against Dolgencorp of Texas Inc., doing

business as Dollar General Corporation.

      5.2    The potential lawsuit intended to be filed by Petitioner arises out of

violations by employees of Respondent relating to their surveillance of the sales floor in

order to discover wet spills and/or slippery areas that may present a dangerous hazard to

patrons present within the premises in order to prevent injury, or harm to Respondent's

patrons, who are present.

      5.3    In order to avoid the expense of litigation to all parties if the requested

discovery does not reveal any wrongdoing on the part of *Dolgencorp of Texas Inc., doing*

*business as Dollar General Corporation* and/or the other potential parties to the anticipated

suit; Petitioner requests that the Court order the following pre-suit discovery.

      5.4    Petitioner requests the Court allow the examination of certain Dolgencorp

of Texas Inc., doing business as Dollar General Corporation's manager, employees that

have knowledge of the surveillance video system by oral deposition, in addition to allowing

Petitioner to review and copy certain document(s), including but not limited to the

following;

a) A copy of any uncut surveillance media footage for the time period of twelve (12) hours prior and twelve (12) hours subsequent to the subject fall event, which occurred on or about July 1, 2020, this request includes but is not limited to raw uncut video recorded footage, any photographs, diagrams, slides, "hot takes" photographs, and/or uncut security camera video footage, sketches;

b) A copy of the Respondent's incident reports of the events relating to Petitioner's fall of July 1, 2020. This request includes but not limited to any copies of all witness statements previously made by Respondent's employees, Petitioner, and/or any other witness concerning the subject fall event made subject of this petition, including any written statement signed or otherwise adopted or approved by the Petitioner hereto and any stenographic, mechanical, electrical, or other type of recording or ally transcription thereof made by Petitioner hereto and contemporaneously recorded

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

c) A list of all employees of Respondent who were present and on duty at the time giving rise to the events of July 1, 2020, when Respondent's employees who were on the scene of the Petitioner's fall;

d) All written safety policies and procedures in effect on the date of the subject fall event maintained by Respondent regarding the provision of safety measures to provide a safe walking area free of obstructions, wet substances, trip hazards and for the prevention of slip and fall events, for patrons visiting the Respondent's premises; and

e) Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair and service of the premises in question.

5.5    Petitioner sent a "Letter of Representation and Preservation & Litigation Hold" to Respondent on July 2, 2020, however, Petitioner experience has shown that Respondent(s) will refuse to maintain a status quo on relevant material evidence as per the litigation hold requested, there intervention is necessary to preserve these matters.

5.6    This petition is filed in Hidalgo County, Texas, where venue of the anticipated suit will lie because Hidalgo County is the county in which Petitioners intend to file the anticipated suit.

## VI.    REQUEST FOR PRE-SUIT DEPOSITION AND SUPOENA DUCES TECUM

## A.    REQUEST TO DEPOSE DOLLAR GENERAL VIDEO SURVEILLANCE EMPLOYEE

6.1    Petitioner requests that the court issue an order authorizing Petitioner to examine the following persons by oral deposition:

6.2    Dolgencorp of Texas Inc., doing business as Dollar General Corporation's employee[s] that has knowledge of the surveillance video system, who has factual knowledge of the incident made basis of this suit, and/or the individual(s) that assisted Ms. Ramirez after the subject fall occurred on on July 1, 2020, or that filled out DOLLAR

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

GENERAL's incident report, and a corporate representative with knowledge of the corporation in the areas of inquiry listed below:

a) Knowledge of all non-privileged documents that show or demonstrate Respondent's employees who were working at Respondent's store on the occurrence made the basis of this claim;

b) Knowledge of all non-privileged documents relating to the maintenance of the sales floor of the subject Dollar General, including employment policies and procedures and all other documents relevant to the incident made the basis of the proposed suit involving slip, fall and/or other injury incidents within the Respondent's premises;

c) Knowledge of the location of the original unedited surveillance video recording depicting the Petitioner's subject fall event on July 1, 2020;

d) Knowledge of all written safety policies and procedures in effect on the date of the subject fall event maintained by Respondent regarding the provision of safety measures to provide a safe walking area free of obstructions, wet substances, trip hazards and for the prevention of slip and fall events, for patrons visiting the Respondent's premises; and

e) Knowledge of any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair and service of the premises in question

6.3    The deposition may provide information about other parties whose conduct contributed to the cause of Petitioner's injuries. Further, there is a risk that the deponent may, through their normal course of business, dispose of information sought in this deposition, specifically, but without limitation, the surveillance video recording depicting the events involving Petitioner. Finally, there is a risk that a corporate representative and/or employee sought for deposition with knowledge of the event may not be under the care, custody, or control of deponent in the future. Petitioner's request is limited in scope for the sole purpose of investigating a potential slip and fall claim against Respondent and others who may be liable to Petitioner for his injuries and damages sustained as a result of the subject fall incident involving Petitioner, and failing to prevent Petitioner from safely

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-20-2697-E

shopping within the premises.

6.4     Petitioner further requests that the court order the deponents to produce the

following documents at the deposition:

a) A copy of any uncut surveillance media footage for the time period of twelve (12) hours prior and twelve (12) hours subsequent to the subject fall event, which occurred on or about July 1, 2020, this request includes but is not limited to raw uncut video recorded footage, any photographs, diagrams, slides, "hot takes" photographs, and/or uncut security camera video footage, sketches;

b) A copy of the Respondent's incident reports of the events relating to Petitioner's fall of July 1, 2020. This request includes but not limited to any copies of all witness statements previously made by Respondent's employees, Petitioner, and/or any other witness concerning the subject fall event made subject of this petition, including any written statement signed or otherwise adopted or approved by the Petitioner hereto and any stenographic, mechanical, electrical, or other type of recording or ally transcription thereof made by Petitioner hereto and contemporaneously recorded

c) A list of all employees of Respondent who were present and on duty at the time giving rise to the events of July 1, 2020, when Respondent's employees who were on the scene of the Petitioner's fall;

d) All written safety policies and procedures in effect on the date of the subject fall event maintained by Respondent regarding the provision of safety measures to provide a safe walking area free of obstructions, wet substances, trip hazards and for the prevention of slip and fall events, for patrons visiting the Respondent's premises; and

e) Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair and service of the premises in question.

## VII.     REQUEST FOR ORAL HEARING

7.1     After service of this petition and notice, Rule 202.3(a) requires that the court

hold a show cause hearing on Petitioner's Verified Rule 202 Petition. Therefore, Petitioner

requests this Court order a hearing in accordance to said Rule 202.3(a).

## VIII.    REQUEST FOR TEMPORARY INJUNCTION TO PRESERVE EVIDENCE

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

8.1.    Petitioner request that the Court issue a Temporary Injunction prohibiting

Respondent, **Dolgencorp of Texas Inc., D/B/A Dollar General Corporation** ("DOLLAR

GENERAL"), and those in active concert with Respondent, from destroying, editing,

modifying or deleting the following documents:

a) The "raw," uncut video surveillance footage recorded by **each and every camera**
   within the **interior and exterior** of the business premises. The time frame of the
   requested footage is a minimum of 12-hours prior to the events giving rise to this
   lawsuit through a minimum of 12-hours following the events giving rise to this
   lawsuit.

b) All non-privileged documents in the custody, care, control, or otherwise readily
   available to Respondent relating to the incident made the basis of this suit, including
   but not limited to:
      i.    Photographs of the location;
      ii.   Written and/or recorded statements, videos, or photographs made, taken, or
            otherwise produced by or procured from any witnesses;
      iii.  Written and/or recorded statements, videos, or photographs made, taken, or
            otherwise produced by or procured from Petitioner;
      iv.   Written and/or recorded statements, videos, or photographs made, taken, or
            otherwise produced by or procured from Respondent including those made
            by any of its agents, employees, or representatives.

c) Any other documents and/or matters associated with the investigation of the
   incident which forms the basis of this petition.

8.2.    Petitioner's application for a temporary restraining order is authorized in

the form of an injunction to preserve the subject matter of the suit to avoid the loss or

destruction of evidence.  See *City Of Dallas V. Wright,* 36 S.W.2d 973, 975 (Tex. 1931);

*See, e.g, PILF lnvs. V. Arlitt,* 940 S.W.2d 255, 258-59 (Tex.App.--San Antonio, 1997, No

Writ).

8.3.    Petitioner request an order of the Court preventing Respondent from

destroying, editing, modifying or deleting any or all of the following items:

a) The "raw," uncut video surveillance footage recorded by each and every camera
   within the interior and exterior of the business premises. The time frame of the
   requested footage is a minimum of 12-hours prior to the events giving rise to this

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

lawsuit through a minimum of 12-hours following the events giving rise to this lawsuit.

b) All non-privileged documents in the custody, care, control, or otherwise readily available to Respondent relating to the incident made the basis of this suit, including but not limited to:

    i. Photographs of the location;

    ii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from any witnesses;

    iii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Petitioner;

    iv. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Respondent including those made by any of its agents, employees, or representatives.

c) Any other documents and/or matters associated with the investigation of the incident which forms the basis of this petition.

8.4.    Petitioner has no adequate remedy at law and seeks equitable relief. The relief sought is crucial to preventing the removal or destruction of evidence which would prevent the Petitioner from pursuing his claims against Respondent.

8.5.    It is probable that Petitioner will recover from Respondent after a trial on the merits based upon the factual matters set forth herein. If Petitioner's application is not granted, harm is imminent because the information contained and evidence sought to be preserved is critical to the proof required of Petitioner to establish and prove its potential personal injury claim against Respondent.

8.6.    The Petitioner is willing to post a bond if required by this Court.

## IX.   REQUEST FOR SHOW CAUSE HEARING AND RELIEF REQUESTED

9.1    After service of this petition as indicated below, Petitioner requests this Honorable Court hold a hearing on the petition upon at least fifteen (15) days' notice to Respondent. Additionally, Petitioner requests that the Court conduct a show cause hearing to determine whether or not Respondent should be temporarily enjoined from destroying,

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

editing, modifying or deleting all the following:

a) The "raw," uncut video surveillance footage recorded by each and every camera within the interior and exterior of the business premises. The time frame of the requested footage is a minimum of 12-hours prior to the events giving rise to this lawsuit through a minimum of 12-hours following the events giving rise to this lawsuit.

b) All non-privileged documents in the custody, care, control, or otherwise readily available to Respondent relating to the incident made the basis of this suit, including but not limited to:
   i. Photographs of the location;
   ii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from any witnesses;
   iii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Petitioner;
   iv. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Respondent including those made by any of its agents, employees, or representatives.

c) Any other documents and/or matters associated with the investigation of the incident which forms the basis of this petition.

9.2 Therefore, Petitioner asks the court to set this petition for hearing and, after

the hearing, order that the following person(s) present him/themselves this Court, along

with the items requested in order to produce the documents requested to Petitioner's

counsel, which are the following:

a) A copy of any uncut surveillance media footage for the time period of twelve (12) hours prior and twelve (12) hours subsequent to the subject fall event, which occurred on or about July 1, 2020, this request includes but is not limited to raw uncut video recorded footage, any photographs, diagrams, slides, "hot takes" photographs, and/or uncut security camera video footage, sketches;

b) A copy of the Respondent's incident reports of the events relating to Petitioner's fall of July 1, 2020. This request includes but not limited to any copies of all witness statements previously made by Respondent's employees, Petitioner, and/or any other witness concerning the subject fall event made subject of this petition, including any written statement signed or otherwise adopted or approved by the Petitioner hereto and any stenographic, mechanical, electrical, or other type of recording or ally transcription thereof made by Petitioner hereto and contemporaneously recorded

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

c) A list of all employees of Respondent who were present and on duty at the time giving rise to the events of July 1, 2020, when Respondent's employees who were on the scene of the Petitioner's fall;

d) All written safety policies and procedures in effect on the date of the subject fall event maintained by Respondent regarding the provision of safety measures to provide a safe walking area free of obstructions, wet substances, trip hazards and for the prevention of slip and fall events, for patrons visiting the Respondent's premises; and

e) Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair and service of the premises in question.

9.3     For these reasons, petitioner asks the court to set this petition for hearing and, after notice and hearing, order that Dolgencorp of Texas Inc., doing business as Dollar General Corporation provide the requested discovery pursuant to Rule 202 of the Texas Rules of Civil procedure.

## X.     **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Petitioners pray that this Court issue citations to Respondent, *Dolgencorp of Texas Inc., doing business as Dollar General Corporation,* and a Notice of the hearing on this petition for service upon Respondent; and further grant Petitioner's Rule 202 Request for Pre-suit Discovery. Petitioners also pray for such other; and for all such other and further relief, at law or in equity, to which Petitioner may show himself justly entitled.

Petitioner further prays that this Court issue citation to Respondent and a Notice of the hearing on this petition for service upon Respondent. Petitioner further prays that this Court find that a Temporary Injunction be issued Respondent or its agents, subsidiaries or those in active concert therewith from destroying, editing, modifying or deleting:

a) The "raw," uncut video surveillance footage recorded by each and every camera within the interior and exterior of the business premises. The time frame of the

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-20-2697-E**

requested footage is a minimum of 12-hours prior to the events giving rise to this lawsuit through a minimum of 12-hours following the events giving rise to this lawsuit.

b) All non-privileged documents in the custody, care, control, or otherwise readily available to Respondent relating to the incident made the basis of this suit, including but not limited to:
   i.   Photographs of the location;
   ii.  Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from any witnesses;
   iii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Petitioner;
   iv.  Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Respondent including those made by any of its agents, employees, or representatives.

c) Any other documents and/or matters associated with the investigation of the incident which forms the basis of this petition.

Respectfully Submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone: (956) 631-0745
Telecopier: (866) 266-0971
Email: lit-docket@moore-firm.com

By:      */s/ J. Michael Moore*
         J. Michael Moore
         State Bar No. 14349550
         **ATTORNEY FOR PETITIONER**

Electronically Submitted
7/2/2020 5:39 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CAUSE NO.: _____ **CL-20-2697-E**

| | | |
|---|---|---|
| LUCIANA RAMIREZ, | § | IN THE COUNTY COURT |
| *Petitioner,* | § | |
| | § | |
| V. | § | |
| | § | AT LAW NO. _____ |
| DOLGENCORP OF TEXAS INC., | § | |
| D/B/A DOLLAR GENERAL | § | |
| CORPORATION, | § | |
| *Respondent.* | § | HIDALGO COUNTY, TEXAS |

---

## VERIFICATION IN SUPPORT OF THE TEMPORARY RESTRAINING ORDER REQUEST

---

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HIDALGO** | § |

Before me, the undersigned authority, personally appeared J. Michael Moore, who being by me duly sworn, deposed as follows:

"I have read this Verified Original Petition and Application for Temporary Restraining Order, and affirm and state that all the factual allegations contained therein as stated are to the best of my personal knowledge and belief are true and correct."

FURTHER AFFIANT SAYETH NOT.

J. Michael Moore

SUBSCRIBED AND SWORN TO BEFORE ME on the ⟨2⟩ day of July, 2020, to certify which witness my hand and official seal.

Notary Public in and for
The State of Texas

Expires: ___o4 - 29 - 2022___

**Tab B**

Electronically Submitted
7/9/2020 8:42 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

## CAUSE NO. CL-20-2697-E

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:   DOLGENCORP OF TEXAS INC., DBA DOLLAR GENERAL CORPORATION
CORPORATION SERVICE COMPANY DBA CSC LAWYERS INC SERVICE CO
211 E 7TH STREET
AUSTIN TX 78701
OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #5 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 2nd day of July, 2020 in this Cause Numbered CL-20-2697-E on the docket of said Court, and styled,

### LUCIANA RAMIREZ
#### vs.
### DOLGENCORP OF TEXAS INC., DBA DOLLAR GENERAL CORPORATION

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Verified Rule 202 Petition Seeking Pre-suit Discovery Of Respondent Dolgencorp Of Texas Inc Dba Dollar General Corporation And Application For Tro And Temporary Injunction To Preserve Evidence accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
J. MICHAEL MOORE
THE MOORE LAW FIRM
4900 NORTH 10TH ST SUITE F-3
MCALLEN TX 78504

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 9th day of July, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #5

BY _____ DEPUTY
              SAMANTHA MARTINEZ

Electronically Submitted
7/9/2020 8:42 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____     By: _____
    CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____     By: _____
    CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

**Tab C**

Electronically Submitted
7/9/2020 2:13 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

## CAUSE NO.: CL-20-2697-E



| | | |
|---|---|---|
| **LUCIANA RAMIREZ,** | § | **IN THE COUNTY COURT** |
| *Petitioner,* | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. 5** |
| **DOLGENCORP OF TEXAS INC.,** | § | |
| **D/B/A DOLLAR GENERAL** | § | |
| **CORPORATION,** | § | |
| *Respondent.* | § | **HIDALGO COUNTY, TEXAS** |

## ORDER FOR TEMPORARY RESTRAINING ORDER

BE IT REMEMBERED that on the _14_ day of _July_ 2020, came on to be heard the Petitioner's Application for Temporary Restraining Order to Preserve Evidence. After reviewing the Application for Temporary Restraining Order, other pleadings, the affidavits, and arguments of counsel, the court finds that harm is imminent to Petitioner if the court does not issue the temporary restraining order requested, that Petitioner will suffer irreparable harm if the evidence sought to be preserved is removed, modified or destroyed since such action will prevent Petitioner's from proceeding and gaining the evidence needed and required in order to prosecute his claims and maintain the status quo on all existing evidence in support of his investigation of Respondent, Dolgencorp Of Texas Inc., D/B/A Dollar General Corporation, and other third parties therefore without issuance of this order, important evidence could be lost or destroyed, and therefore, Petitioner has no adequate remedy at law.

The Court finds that the Applicant, Luciana Ramirez, is entitled to the relief demanded and **IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** by this order, the Court hereby enters the following Orders:

Respondent, Dolgencorp Of Texas Inc., D/B/A Dollar General Corporation, **SHALL**

Electronically Submitted
7/9/2020 2:13 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**PRESERVE and NOT DESTROY, EDIT, MODIFY, DELETE, OR OTHERWISE ALTER**

the following documents and/or items:

a) The "raw," uncut video surveillance footage recorded by **each and every camera** within the **interior and exterior** of the business premises. The time frame of the requested footage is a minimum of 12-hours prior to the events giving rise to this lawsuit through a minimum of 12-hours following the events giving rise to this lawsuit.

b) All non-privileged documents in the custody, care, control, or otherwise readily available to Respondent relating to the incident made the basis of this suit, including but not limited to:
   i. Photographs of the location;
   ii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from any witnesses;
   iii. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Petitioner;
   iv. Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured from Respondent including those made by any of its agents, employees, or representatives.

c) Any other documents and/or matters associated with the investigation of the incident which forms the basis of this petition.

The clerk shall forthwith on the filing by Petitioner, Luciana Ramirez, of the bond hereinafter required, on approving the same according to the law, issue a Temporary Restraining Order in conformity with the law and terms of this order.

This Court orders the clerk to issue notice and citation to Respondent that the hearing on Petitioner's application for temporary injunction. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending further Order of this Court.

Bond is set at $ ___100___ and can be issued via surety bond.

This order is hereby issued on the _14_ day of _July_, 2020, at _11:45_ (a.m. / p.m.) and shall expire within thirty (30) days thereof, and this court will hold a hearing on whether this temporary injunction shall issue, said show cause hearing will be held on: _July 30, 2020_

---

Electronically Submitted
7/9/2020 2:13 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

_9:00_ ( (a.m.) / p.m.) in the County Court No. 5 of Hidalgo County Texas.

SIGNED this  14  day of  July , 2020.

_____
PRESIDING JUDGE

cc:  **Via Email**
     Petitioner Luciana Ramirez
     c/o J. Michael Moore
     Moore Law Firm
     Fax: **888-266-0971**
     Email: lit-docket@moore-firm.com

cc:  Dolgencorp of Texas Inc., doing business as Dollar General Corporation
     Corporation Service Company d/b/a
     CSC-Lawyers Incorporating Service Company
     211 E. 7th Street,
     Austin, TX 78701

---

**Order For Temporary Restraining Order**                                    **Page 3**

**Tab D**

Electronically Submitted
7/16/2020 4:55 PM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CAUSE NO. CL-20-2697-E

| | | |
|---|---|---|
| LUCIANA RAMIREZ | § | IN THE COUNTY COURT |
| *Petitioner*, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | |
| CORPORATION | § | |
| *Respondent*. | § | HIDALGO COUNTY, TEXAS |

## RESPONDENT'S ORIGINAL ANSWER

To the Honorable Court:

Respondent Dolgencorp of Texas, Inc. hereby files its Original Answer, and would show the Court as follows:

### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Respondent hereby generally denies each and every material allegation contained in Petitioner's Verified Rule 202 Petition Seeking Pre-Suit Discovery of Respondent, Dolgencorp of Texas Inc., d/b/a Dollar General Corporation, and Application for Temporary Restraining Order and Temporary Injunction to Preserve Evidence, and any amendments thereto, and demands strict proof thereof.

### PRAYER

2.    Respondent prays that the Court deny Petitioner's petition and application for injunctive relief, and for any other relief to which it may be entitled in law or equity.

Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700

Electronically Submitted
7/16/2020 4:55 PM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

San Antonio, Texas 78230
Telephone:      (210) 598–8686
Facsimile:      (210) 598–8797

*/s/  Joseph E. Cuellar*
**Jose " JJ"  Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Respondent*

Electronically Submitted
7/16/2020 4:55 PM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 16th day of July 2020, pursuant to Rule 21a, Texas Rules of Civil Procedure, via electronic service:

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
*Counsel for Petitioners*

*/s/  Joseph E. Cuellar*
**Joseph E. Cuellar**

**Tab E**

Electronically Submitted
7/31/2020 12:02 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CAUSE NO. CL-20-2697-E

| | | |
|---|---|---|
| LUCIANA RAMIREZ | § | IN THE COUNTY COURT |
| *Petitioner*, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | |
| CORPORATION | § | |
| *Respondent*. | § | HIDALGO COUNTY, TEXAS |

---

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

---

BE IT REMEMBERED that on the 30th day of July 2020, came on to be heard the Petitioner's Application for Temporary Injunction.   At the hearing, counsel for Petitioner represented that he had been contacted the night before by another attorney, who represented that Petitioner was now his client. In light of this representation, the parties agreed to continue the hearing on the Application for Temporary injunction and to extend the duration of the temporary restraining order issued in this cause on July 14, 2020, until August 13, 2020. In consenting to the extension of the temporary restraining order, Respondent does not waive any challenges to the substance of the temporary restraining order.

It is therefore ORDERED, ADJUDGED and DECREED that:

Respondent, Dolgencorp of Texas, Inc. D/B/A Dollar General Corporation, **SHALL PRESERVE and NOT DESTROY, EDIT, MODIFY, DELETE, OR OTHERWISE ALTER** the following documents and/or items:

   a) The "raw" uncut video surveillance footage recorded by each and every camera within the **interior and exterior** of the business premises. The time frame of the requested footage is a minimum of 12-hours prior to the events giving rise to this lawsuit through a minimum of 12-hours following the events giving rise to the lawsuit.

{00619226}

Electronically Submitted
7/31/2020 12:02 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

b) All non-privileged documents in the custody, care, control, or otherwise readily available to Respondent relating to the incident made the basis of this suit, including but not limited to:

    i.   Photos of the location;

    ii.   Written and/or recorded statements, videos, or photographs made, taken, or otherwise produced by or procured form an witnesses;

    iii.   Written and/or recorded statements, videos, or photographs made, taken or otherwise produced by or procured from Petitioner;

    iv.   Written and/or recorded statements, videos, or photographs made, taken or otherwise produced by or procured from Respondent including those made by any of its agents, employees, or representatives.

c) Any other documents and/or matters associated with the investigation of the incident which forms the basis of this petition.

It is further ORDERED that the bond previously set by the Court and filed by Petitioner shall continue in force and effect.

It is further ORDERED that the temporary restraining order issued in this cause on July 14, 2020, shall expire at 5 p.m. on August 13, 2020, and this Court will hold a hearing on whether this temporary injunction shall issue on August 13, 2020 at _____ (a.m./p.m.).

It is so ORDERED.

_____
**PRESIDING JUDGE**

Received from the Court
On_____
8/5/2020 4:10 PM
SEF
Initials: _____

Electronically Submitted
7/31/2020 12:02 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

Approved as to form only:

*/s/ J. Michael Moore*
**J. Michael Moore**
State Bar No. 14349550
**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone: (956) 631-0745
Telecopier: (866) 266-0971
Email: lit-docket@moore-firm.com
*Counsel for Petitioner*

*/s/  Joseph E. Cuellar*
**Jose " JJ"  Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone:     (210) 598–8686
Facsimile:     (210) 598–8797
*Counsel for Respondent*

**Tab F**

Electronically Submitted
10/7/2020 2:13 PM
Hidalgo County Clerk
Accepted by: Daniela Blanco

**CAUSE NO.: CL-20-2697-E**

| | | |
|---|---|---|
| LUCIANA RAMIREZ, | § | IN THE COUNTY COURT |
| *Petitioner*, | § | |
| | § | |
| V. | § | |
| | § | AT LAW NO. 5 |
| DOLGENCORP OF TEXAS INC., | § | |
| D/B/A DOLLAR GENERAL | § | |
| CORPORATION, | § | |
| *Respondent.* | § | HIDALGO COUNTY, TEXAS |

## ORDER FOR TEMPORARY RESTRAINING ORDER

BE IT REMEMBERED that on the 13th day of August, 2020, came on to be heard the Petitioner's Application for Temporary Restraining Order to Preserve Evidence. After reviewing the Application for Temporary Restraining Order, other pleadings, the affidavits, and arguments of counsel, the court finds that harm is imminent to Petitioner if the court does not issue the temporary restraining order requested, that Petitioner will suffer irreparable harm if the evidence sought to be preserved is removed, modified or destroyed since such action will prevent Petitioner's from proceeding and gaining the evidence needed and required in order to prosecute his claims and maintain the status quo on all existing evidence in support of his investigation of Respondent, Dolgencorp Of Texas Inc., D/B/A Dollar General Corporation, and other third parties therefore without issuance of this order, important evidence could be lost or destroyed, and therefore, Petitioner has no adequate remedy at law.

The Court finds that the Applicant, Luciana Ramirez, is entitled to the relief demanded and IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by this order, the Court hereby enters the following Orders:

Electronically Submitted
10/7/2020 2:13 PM
Hidalgo County Clerk
Accepted by: Daniela Blanco

1) Respondent, Dolgencorp of Texas Inc., D/B/A Dollar General Corporation, SHALL PRESERVE and NOT DESTROY, EDIT, MODIFY, DELETE, OR OTHERWISE ALTER the following documents and/or items:

    a. The "raw," uncut video surveillance footage recorded by each and every camera within the interior and exterior of the business premises. The time frame of the requested footage is a minimum of 6-hours prior to the events giving rise to this lawsuit through a minimum of 6-hours following the events giving rise to this lawsuit.

This order is hereby issued on the ____ day of _____, 2020, at _____, (a.m. / p.m.);

IT IS FURTHER ORDERED that this Court will hold a show cause oral/video/webcast hearing on Petitioner's Rule 202 Petition Seeking Pre-Suit Discovery of Respondent Dolgencorp of Texas Inc., D/B/A Dollar General Corporation, which will be held on: 10/28/20 at 10:30 _____ (a.m. / p.m.) xxx in the County Court No. 5 of Hidalgo County Texas.

CASE WIL BE HEARD VIA ZOOM

SIGNED this 14 day of Oct, 2020.

_____
PRESIDING JUDGE

cc:

Mr. J. Michael Moore
Moore Law Firm
Fax: 888-266-0971
Email: lit-docket@moore-firm.com

Mr. Joseph E. Cuellar
jcuellar@valdeztrevino.com
Valdez & Treviño
Attorneys At Law, P.C.
Fax: (210) 598–8797

**Received from the Court**
On_____ 10/15/2020 4:43 PM
Initials: _____ SM

**Tab G**

Electronically Submitted
11/4/2020 3:16 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

**CAUSE NO.: CL-20-2697-E**

| | | |
|---|---|---|
| **LUCIANA RAMIREZ,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. 5** |
| **DOLGENCORP OF TEXAS INC.,** | § | |
| **D/B/A DOLLAR GENERAL** | § | |
| **CORPORATION,** | § | |
| *Respondent.* | § | **HIDALGO COUNTY, TEXAS** |

---

### ORDER GRANTING PETITIONER'S VERIFIED RULE 202 PETITION SEEKING THE DEPOSITION OF CORPORATE REPRESENTATIVE OF RESPONDENT

---

**BE IT REMEMBERED** that on this the 28th day of October, 2020, came on to be heard Petitioner, Luciana Ramirez's Verified Rule 202 Petition Seeking Pre-suit Discovery of Respondent, the Court after taking announcements of the parties, that Petitioner agreed to limit the scope of the discovery to a corporate representative for Respondent concerning the subject surveillance video that Respondent's counsel represented to the Court it had preserved.

Thereafter, a record of the testimony and evidence presented by Petitioner in support of her request for pre-suit discovery was made and taken by Ms. Tina Fasci, the Official Court Reporter of this Court. The following witnesses testified in support of Petitioner's request seeking the pre-suit deposition of Respondent, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION:

Petitioner, Luciana Ramirez testified concerning the facts of the incident of a slip and fall injury event that occurred on July 1, 2020, at Respondent's premises located at 3405 E Main Ave, Alton, Hidalgo County, Texas. That Luciana Ramirez retained J.

Electronically Submitted
11/4/2020 3:16 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

Michael Moore of Moore law Firm shortly thereafter in July of 2020 to investigate the accident. From the testimony of Luciana Ramirez and having reviewed and considered the Petitioner's Verified Rule 202 Petition, and response thereto, the Court finds that it does have subject matter-jurisdiction over the potential claims of Petitioner, and personal jurisdiction over the potential parties to the potential law suit; and that pursuant to Rule 202.4(a)(1) of the Texas Rules of Civil Procedure, a pre-suit oral deposition of an individual with knowledge of the surveillance video recording system, as requested, in use on the premises of the Dollar General where the slip and fall injury event occurred is necessary to prevent a failure or delay in justice in the anticipated suit, and to identify potential unknown parties who may have caused the spill to occur.

Petitioner's attorney of record, J. Michael Moore, then provided sworn testimony testifying as to experience as a practicing attorney in other cases where he had served a Letter of Preservation for surveillance video recordings wherein the store owners had not preserved the video as requested, destroyed same or had edited the video in such a manner as to deprive the plaintiffs and petitioners' in those cases of evidence that would have, if preserved, provided the plaintiffs and respondents with the identity of potential witnesses to the injury accident slip and fall events and evidence of potential witnesses, liability and potential other responsible parties, that resulted in a failure and/or delay in justice in those cases. Additionally, J. Michael Moore testified as to the need to preserve such evidence in connection with his investigation of Petitioner, Luciana Ramirez's potential lawsuit and to identify potential other responsible parties. The Court requested, at the conclusion of the hearing, that Petitioner's counsel provide evidence of other incidents where a letter of preservation was served and the video surveillance recordings were either edited or erased

Electronically Submitted
11/4/2020 3:16 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

which caused a failure or delay in justice.  The Court, having received such evidence from Petitioner by post hearing submission filed with the Court and having considered same enters the following findings:

From the testimony of the witnesses, Luciana Ramirez and J. Michael Moore, and having reviewed and considered the Petitioner's Verified Rule 202 Petition, and response thereto, the argument of counsel for the parties, including the evidence of other incidences wherein surveillance video recordings were lost, edited and/or destroyed, the Court FINDS that it does have subject matter-jurisdiction over the potential claims of Petitioner, and personal jurisdiction over the potential parties to a potential law suit, that the Petitioner's potential cause of action has been demonstrated and that pursuant to Rule 202.4(a)(1) of the Texas Rules of Civil Procedure, a pre-suit oral deposition of an individual with knowledge of the preservation of the surveillance video recording system and the manner and extent to which it is preserved pursuant to the Letter of Preservation served in this matter for the surveillance video system which was in use on the premises of the Dollar General where the slip and fall injury event occurred is necessary to prevent a failure or delay in justice in the anticipated suit, and to identify potential unknown parties who may have caused the spill to occur, or provide evidence, if any, of Respondents adherence to a floor surveillance policy.

**IT THEREFORE ORDERED** that Petitioner shall be allowed to depose a corporate representative of Respondent knowledgeable concerning the preservation of the subject surveillance video of the incident that occurred on or about July 1, 2020 and preservation of the video 12 hours before the incident and 12 hours after incident, and that Respondent shall produce the subject surveillance video recording to Petitioner at or prior

Electronically Submitted
11/4/2020 3:16 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

to the deposition.  Petitioner shall serve a Notice of Intent to Take the Pre-Suit ZOOM

Deposition of Respondent, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR

GENERAL CORPORATION, for the limited purposes as detailed herein.

The parties are hereby ordered to cooperate in the scheduling of said deposition,

failing which the Court will set the date and time for same, upon request of either party.

Signed on _____ 2020.
         12   Nov

_____

PRESIDING JUDGE

cc:

Mr. J. Michael Moore, Moore Law Firm, lit-docket@moore-firm.com,
Fax No. 888-266-0971

Mr. Jose "JJ" Trevino, Jr. Valdez Trevino, jtrevino@valdeztrevino.com
Mr. Joseph E. Cuellar, Valdez Trevino, jcuellar@valdeztrevino.com

**Received from the Court**
On_____
   11/12/2020 10:55 AM

Initials: _____
            SM

**Tab H**

Electronically Submitted
12/8/2020 5:22 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

## CAUSE NO.: CL-20-2697-E

| | | |
|---|---|---|
| **LUCIANA RAMIREZ,** | § | **IN THE COUNTY COURT** |
| *Petitioner,* | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. 5** |
| **DOLGENCORP OF TEXAS** | § | |
| **INC., D/B/A DOLLAR** | § | |
| **GENERAL CORPORATION,** | § | |
| *Respondent.* | § | **HIDALGO COUNTY, TEXAS** |

---

### ORDER SETTING EXPEDITED HEARING ON RESPONDENT'S MOTION TO QUASH DEPOSITION NOTICE OF DOLLAR GENERAL

---

Now came to be heard Respondent's Motion to Quash Deposition Notice of Dollar General, the Court is of the opinion that an expedited hearing is needed.

IT IS FURTHER ORDERED that this Court will hold an expedited ZOOM hearing on said motion, which will be held on: __Dec. 22, 2020__ at __10:30__ (a.m. / p.m. __XXX__) in the County Court No. 5 of Hidalgo County Texas. ZOOM invite and passcode are

_____.

SIGNED this __9th__ day of __Dec__, 2020.

_____

PRESIDING JUDGE

cc:

Mr. J. Michael Moore
Moore Law Firm
Fax: 888-266-0971
Email: lit-docket@moore-firm.com

Mr. Joseph E. Cuellar
jcuellar@valdeztrevino.com
Valdez & Treviño
Attorneys At Law, P.C.
Fax: (210) 598–8797

**Received from the Court**

**On**___12/10/2020 8:31 AM_____

**Initials:** ___SM_____

**Tab I**

Electronically Submitted
12/22/2020 2:48 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

DEC 2 3 2020

CAUSE NO. CL-20-2697-E

| | | |
|---|---|---|
| LUCIANA RAMIREZ | § | IN THE COUNTY COURT |
| *Petitioner,* | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| D/B/A DOLLAR GENERAL | § | |
| CORPORATION | § | |
| *Respondent.* | § | HIDALGO COUNTY, TEXAS |

## ORDER DENYING MOTION TO QUASH AND SETTING RULE 202 DEPOSITION

On December 22, 2020, the Court heard Defendant's Motion to Quash the Rule 202 Deposition noticed for January 19, 2020. The Court, after considering the motion, response, reply, and attached documents, is of the opinion that the motion should be and is hereby DENIED.

The Court did not consider Petitioner's request for sanctions presented in its response at the hearing.

It is further ORDERED that Petitioner will notice the Rule 202 deposition ordered for February [9, 10, 11, or 12], 2020 via Zoom. Respondent's consent to that date does not preclude Respondent from seeking emergency relief from the appellate courts relating to the Rule 202 order of November 12, 2020 or this order. Nor is Respondent's consent in any way constitute of waiver of any rights asserted in the mandamus proceeding regarding this Court's orders.

It is so ORDERED.

PRESIDING JUDGE

23/DEC/2020

{00657691}

Electronically Submitted
12/22/2020 2:48 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

Approved as to form only:

/s/     NOT SIGNED___
**J. Michael Moore**
State Bar No. 14349550
**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F-3
McAllen, Texas 78504
Telephone: (956) 631-0745
Telecopier: (866) 266-0971
Email: lit-docket@moore-firm.com
*Counsel for Petitioner*

/s/  *Joseph E. Cuellar*
**Jose " JJ"  Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone:     (210) 598–8686
Facsimile:     (210) 598–8797
*Counsel for Respondent*

{00657691}

**Tab J**



### NUMBER 13-20-00540-CV

### COURT OF APPEALS

### THIRTEENTH DISTRICT OF TEXAS

### CORPUS CHRISTI – EDINBURG

---

### IN RE DOLGENCORP OF TEXAS INC.
### D/B/A DOLLAR GENERAL CORPORATION

---

### On Petition for Writ of Mandamus.

---

# ORDER

### Before Justices Benavides, Longoria, and Tijerina
### Order Per Curiam

Relator Dolgencorp of Texas Inc. d/b/a Dollar General Corporation filed a petition for writ of mandamus and a motion for temporary relief in the above cause. By petition for writ of mandamus, relator seeks to compel the trial court to (1) vacate its "Order Granting Petitioner's Verified Rule 202 Petition Seeking the Deposition of Corporate Representative of Respondent" of November 12, 2020, and (2) issue an order denying the Rule 202 Petition. *See* TEX. R. CIV. P. 202. By motion for temporary relief, relator seeks to stay all proceedings in the underlying matter pending resolution of this petition for writ of mandamus.

The Court, having examined and fully considered the motion for temporary relief, is of the opinion that it should be granted. Accordingly, we ORDER all trial court proceedings to be STAYED pending further order of this Court. *See* TEX. R. APP. P. 52.10. The Court requests that the real party in interest, Luciana Ramirez, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See id.* R. 52.2, 52.4, 52.8.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
4th day of January, 2021.

2

**Tab K**



NUMBER 13-20-00540-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE DOLGENCORP OF TEXAS INC.
D/B/A DOLLAR GENERAL CORPORATION

On Petition for Writ of Mandamus.

# ORDER

**Before Justices Benavides, Longoria, and Tijerina
Order Per Curiam**

Relator Dolgencorp of Texas Inc. d/b/a Dollar General Corporation filed a petition for writ of mandamus and a motion for temporary relief in the above cause. By petition for writ of mandamus, relator seeks to compel the trial court to (1) vacate its "Order Granting Petitioner's Verified Rule 202 Petition Seeking the Deposition of Corporate Representative of Respondent" of November 12, 2020, and (2) issue an order denying the Rule 202 Petition. *See* Tex. R. Civ. P. 202. By motion for temporary relief, relator seeks to stay all proceedings in the underlying matter pending resolution of this petition for writ of mandamus.

The Court, having examined and fully considered the motion for temporary relief, is of the opinion that it should be granted. Accordingly, we ORDER all trial court proceedings to be STAYED pending further order of this Court. *See* TEX. R. APP. P. 52.10. The Court requests that the real party in interest, Luciana Ramirez, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See id.* R. 52.2, 52.4, 52.8.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
4th day of January, 2021.

2

**Tab L**

**CAUSE NO.: CL-20-2697-E**

| | | |
|---|---|---|
| **LUCIANA RAMIREZ,** | § | **IN THE COUNTY COURT** |
|    *Plaintiff*, | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. 5** |
| **DOLGENCORP OF TEXAS INC.,** | § | |
| **D/B/A DOLLAR GENERAL** | § | |
| **CORPORATION,** | § | |
|    *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

---

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURES

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **NOW COMES, LUCIANA RAMIREZ**, (hereinafter sometimes referred to as "Plaintiff"), and files this their Plaintiff's First Amended Original Petition, complaining of and about, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION, (hereinafter called "Defendant"), and for cause of action would show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN & MONETARY CLAIM FOR RELIEF

     1.1    Plaintiff intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 because this suit involves monetary relief of over $250,000.00 but not more than $750,000.00, including damages of any kind, penalties, court costs, expenses, and pre-judgment interest.

     1.2    Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff seeks monetary relief of over $250,000.00 but not more than $750,000.00 in monetary relief, Tex.R.Civ.P. 47(c)(3).

---

Plaintiff reserves the right to either file a trial amendment or an amended pleading on the issue of damages if subsequent evidence shows that the range of damages is either too high or too low.

## II.

## PARTIES AND SERVICE

2.1     Plaintiff, Luciana Ramirez, who is a resident of Hidalgo County, Texas, pursuant to CPRC, Sec. 30.014(a)(1) the last three numbers of Plaintiff's Social Security card are 323.

2.2     Defendant, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION, (hereafter called "Dollar General"), is the owner of the property upon which the business is located, and upon information and belief, is the operator of the Dollar General located at 3405 E Main Ave, Alton, Hidalgo County, TX, where the incident made the basis of this suit occurred. DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION DOLLAR GENERAL has previously appeared and answered herein.  Defendant, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION DOLLAR GENERAL is being served herein pursuant to a Rule 11 Agreement filed of record between the parties, accepting service of citation and a copy of this amended petition upon counsel of record, Joseph Cuellar, of the law firm of Valdez & Trevino, Attorneys at Law, P.C., pursuant to Rule 21a of the Texas Rules of Civil procedure as indicated below in the Certificate of Service. **No additional service is required or necessary at this time.**

## III.

## JURISDICTION AND VENUE

3.1     Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages within the jurisdictional limits of this County Court within the State of Texas, and this Court has personal jurisdiction over Defendant as set out above.  Plaintiff seeks all damages that they are legally entitled to recover within the jurisdictional limits of this Court.

3.2     Jurisdiction would not be proper in federal court as there is no diversity of citizenship between the Plaintiff and Defendant in this case for the reason that Plaintiff resides in Texas and Defendant is a Texas corporation with strong ties to Texas and maintains a principal office within the State of Texas, as the name suggests, with all of its more than one-thousand store[1] locations operating within and throughout the State of Texas.  Moreover, this lawsuit asserts no claims against the United States, nor does it involve any claims based on maritime law.

3.3     The court has jurisdiction over this matter and venue is proper in Hidalgo County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code.  Hidalgo County is a county in which a substantial part of the acts and omissions giving rise to the underlying claim occurred; and therefore, venue is proper in Hidalgo

---

[1] "As the name "Dolencorp of **Texas**" suggests, Defendant has strong ties to **Texas**. For example, disclosures from Defendant's parent company show that there are more Dollar General Stores in **Texas** than anywhere else in the country. DOLLAR GENERAL CORP. ANNUAL REPORT (Form 10–k), at 20 (March 31, 2010). Indeed, while there are 1,016 Dollar General Stores in **Texas**, there are only 455 stores in Tennessee. *Id.*" *See*, *Posada v. Dolgencorp of Tex., Inc.*, CIVA C-10-98, 2010 WL 1798826, at *2, fn. 2 (S.D. Tex. May 5, 2010)(remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c)).

---

County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code.

## IV.

## FACTUAL BASIS OF CLAIM

4.1     Upon initial information and belief, Dolgencorp of Texas Inc., is the owner and operator of the Dollar General, located at 3405 E Main Ave, Alton, Hidalgo County, TX 78573.

4.2     On or about the July 1, 2020, Plaintiff, Luciana Ramirez, was a business invitee of Dollar General at its store located at 3405 E Main Ave., Alton, TX.  Plaintiff was walking through the store aisle of the Dollar General, when all of the sudden and without warning, she slipped on wet substance that was covering a large area of the floor causing her to fall to the hard tilled floor, which resulted in Ms. Ramirez sustaining serious personal injuries.

4.3     Upon information and belief, Dollar General violated its floor surveillance policy, which requires certain employees to surveil the floor for wet spills and/or slippery areas that may present a dangerous hazard to patrons present within the premises. Further upon information and belief, Dollar General failed to exercise ordinary care to protect Plaintiff from danger. Plaintiff's fall and his subsequent injuries were directly and proximately caused by Dollar General's negligence and breach of their legal duty to make the premises safe.

4.4     Plaintiff Ramirez sustained serious personal injuries during the fall. Plaintiff Ramirez's fall and her subsequent injuries were directly and proximately caused by DOLLAR GENERAL's negligence and breach of their legal duty to make the premises

safe. Defendant had actual knowledge and/or constructive knowledge of the dangerous condition, i.e. the pool of wet substance on the cement ground, that the condition posed an unreasonable risk of harm, that Defendant did not exercise reasonable care to reduce or eliminate the risk and, Defendant's failure to use such care proximately caused Plaintiff Ramirez's injuries.

4.5     At the time of this occasion occurred, Plaintiff Ramirez was a business invitee on the DOLLAR GENERAL's premises; and as such, DOLLAR GENERAL owed the Plaintiff, Ramirez, a duty of ordinary care. DOLLAR GENERAL failed to warn Plaintiff Ramirez of the dangerous condition that they knew existed or in the exercise of reasonable care should have known existed. The slip and fall hazard located on the Defendant's premises was a condition that created and posed an unreasonable risk of harm. Defendant, DOLLAR GENERAL, failed to exercise ordinary care to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff Ramirez of the condition and failing to make that condition reasonably safe. Defendant's acts and omissions as set forth herein proximately caused the occurrence and injuries complained of herein.

4.6     Further, DOLLAR GENERAL's negligence was a producing and proximate cause of the injuries and damages sustained herein. DOLLAR GENERAL has implemented companywide employee polices dealing with the duties of their employees while at work, which includes employees obligations to DOLLAR GENERAL as good employee and if the employee violates said company polices, employees are subject to disciplinary action; including verbal warnings, written warnings and termination.  Some companywide policies, employees are allowed to violate two or three times before the employee is terminated other companywide polices, employees are immediately

terminated for a single violation. For example; when employees that fail to report to work or report to work late may receive a verbal warning and then two or three written warnings and when employees that steal money from DOLLAR GENERAL are subject to immediate termination. Likewise, DOLLAR GENERAL's companywide employee polices dealing with patron/customer safety subject to employees to disciplinary action if the employee fails to follow those policies. Due to the volume of people that shop DOLLAR GENERAL stores; DOLLAR GENERAL has and/or should have implemented companywide policies designed to protect patron/customer safety from safety hazards such as ground liquid/water spills, food items on the grounds and other hazards on the ground that could cause of customer to slip and fall.   Enforcement of companywide polices dealing with customer safety should be equally enforced as are all there other policies dealing with employees but they are not. Plaintiff will show that DOLLAR GENERAL has written policies that are not enforced equally; whereby exposing customers such as Plaintiff Ramirez to an unreasonable risk of damage. Ground cleaning, mopping, ground inspection including the outside area specifically the sales floor area, policies are not strictly enforced with the same vigor as other companywide polices dealing with employee that handle money, or showing up for work late, intoxicated or fighting with customers.

4.7     Moreover, DOLLAR GENERAL fails to investigate the cause and origin of slip and fall incidents and discipline employees for violation of companywide safety ground cleaning policies. DOLLAR GENERAL maintains numerous surveillance cameras used to monitor employee and customer activities, but DOLLAR GENERAL fails to use the surveillance video to discipline employees for violation customer safety policies but

uses the surveillance video to discipline employees for employee employment violations such as theft, etc.

## V.

## NEGLIENCE OF DEFENDANT

5.1     Both prior to and on the occasion in question, DOLLAR GENERAL, by and through their officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally, constitute negligence.

5.2     Said acts include each of the following:

a)  Failing to inspect the premises for defects;

b)  Failing to warn of the defects;

c)  Failing to cure the defects;

d)  Failing to provide a safe walking area;

e)  Allowing and/or requiring Ms. Ramirez and other patrons to walk in areas where a known slip and fall hazard/condition exited and posed an unreasonable risk of harm from slip and falling including the sales floor area;

f)  Failing to require and/or provide adequate safety measures and/or warning signals;

g)  Failing to adopt, implement and/or enforce adequate safety procedures;

h)  Failing to provide adequate safety training;

i)  Allowing Ms. Ramirez to enter an area that was unreasonably dangerous;

j)  Allowing patrons to be exposed to dangerous, unsafe conditions and/or practices;

k)  Failing to promulgate, implement enforce, and/or ensure compliance with adequate safety procedures, policies, and practices;

l)  Failing to adequately inspect and/or monitor the locations of premises so as to avoid unsafe and unreasonably dangerous conditions;

m) Failing to adequately warn Ms. Ramirez of the unreasonably dangerous condition of the premises and the necessity to take additional measures to avoid a slip and fall incident;

n) Failing to enforce compliance with all national, state and local ordinances, statutes, regulations, and standards including, but not limited to, The American National Standards Institute (ANSI - 1998) and The American Society of Testing and Materials (ASTM), "Standard Practice for Safe Walking Surfaces";

o) Failing to adopt and enforce reasonable safeguards for safety and protection of all patrons at the Defendant's facility;

p) Failing to adopt and enforce warnings against known slip and fall hazards which posed an unreasonable risk of harm for all invitees and patrons at the Defendant's facility;

q) Failing to take all reasonable precautions to remediate known slip and fall hazards which posed an unreasonable risk of harm for all invitees and patrons at the Defendant's facility;

r) Creating a distraction by re-organizing the product placement to increase profits over customer safety; and

s) Failing to strictly enforce public safety policies and only strictly enforcing polices concerning DOLLAR GENERAL direct pecuniary interest.

## VI.

## **PREMISES LIABILITY**

6.1     Defendant had the right to control the premises at the Defendant's facility and did, in fact, control the subject premises at all times relevant to this lawsuit.

6.2     Defendant failed to use ordinary care to reduce or eliminate the unreasonable risk of harm created by its maintenance employee of which Defendant knew or in the exercise of ordinary care should have known existed prior to the time Plaintiff Ramirez's arrival at Defendant's facility.

6.3    The condition of the premises posed an unreasonable risk of harm. Defendant had actual knowledge of the danger, yet failed to exercise ordinary care to warn or protect Plaintiff from harm, or reduce or eliminate the risk of harm by enforcement of an adequate floor maintenance policy. Defendant breached its legal duty to Plaintiff by failing to adequately warn her of the dangerous condition and to keep the premises in a reasonably safe condition. Defendant's negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages, as more specifically set out below.

## VII.

## <u>DAMAGES SOUGHT AGAINST DEFENDANT BY PLAINTIFF RAMIREZ</u>

7.1    As a proximate cause of Defendant's violations and the occurrence made the basis of this suit and acts of Defendant described herein, Plaintiff, Ramirez, was caused to suffer damages and has incurred the following damages:

a)  The physical pain and suffering incurred by Plaintiff, as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

b)  The mental anguish suffered by Plaintiff as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

c)  The physical impairment suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and which in all reasonable probability will be incurred in the future;

d)  The physical disfigurement suffered by Plaintiff, which has occurred as a result of the incident in question up to the time of trial and in the future;

e)  The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries which plaintiff has incurred up to the time of trial;

f)  The reasonable medical expenses and life care needs of Plaintiff necessary to treat his injuries and sustain him for the remainder of his life which in all reasonable medical probability will be incurred in the future; and

g)  The loss of enjoyment of life, which will in all reasonable probability continue in the future.

7.2     By reason of the above, Plaintiff, Ramirez, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff hereby seeks recovery of those elements of damage in an amount within the jurisdictional limits of this Court.

## VIII.

## NOTICE OF REQUIRED DISCLOSURES PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE RULE 192.1 AND 194 TO DEFENDANT

8.1     Under Texas Rule of Civil Procedure 192.1, and 194.(1) and (2), Plaintiff notice Defendant DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION, to disclose within thirty (30) days of service of this Original Petition, the information or materials described in Rule 194.(1) and (2) of the Texas Rules of Civil Procedure.

## IX.

## PRE- AND POST-JUDGMENT INTEREST

9.1     Plaintiff seek recovery of such pre-judgment and post-judgment interest as permitted by law.

## X.

## RESERVATION OF RIGHTS

10.1    Plaintiff reserve the right to prove the amount of damages at trial.  Plaintiff reserve the right to amend this petition to add additional counts upon further discovery and as this investigation continues.

## XI.

## REQUEST FOR JURY TRIAL

11.1    Plaintiff, in accordance with Rule 216 of the Texas Rules of Civil Procedure, request a trial by jury and hereby tender a jury fee with this filing.

## XII.

## CONDITIONS PRECEDENT

12.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XIII.   PRAYER

13.1    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Luciana Ramirez, respectfully pray that upon trial of this cause, judgment be entered for the Plaintiff and against Defendant, DOLGENCORP OF TEXAS INC., D/B/A DOLLAR GENERAL CORPORATION, for their damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

THE MOORE LAW FIRM
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:  (866) 266-0971
Email: lit-docket@moore-firm.com

By:     */s/ J. Michael Moore*
J. MICHAEL MOORE
State Bar No. 14349550
ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been forwarded by via email and/or certified mail, return receipt requested to the following counsel of record on this 13th day of January, 2021, as follows:

Mr. Joseph E. Cuellar
jcuellar@valdeztrevino.com
Valdez & Treviño
Fax: (210) 598–8797
**Attorney for Defendant**

*/s/ **J. Michael Moore***
J. Michael Moore

**Tab M**

Electronically Submitted
12/23/2020 12:23 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

## CAUSE NO.: CL-20-2697-E | B.R.

01/13/2021 2:43:00 PM

| | | |
|---|---|---|
| **LUCIANA RAMIREZ,** | § | **IN THE COUNTY COURT** |
| *Petitioner,* | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. 5** |
| **DOLGENCORP OF TEXAS** | § | |
| **INC., D/B/A DOLLAR** | § | |
| **GENERAL CORPORATION,** | § | |
| *Respondent.* | § | **HIDALGO COUNTY, TEXAS** |

---

### ORDER SETTING EXPEDITED HEARING ON PETITIONER'S REQUEST FOR SANCTIONS

---

Now came to be heard Petitioner's Request for Sanctions, the Court is of the opinion that an expedited hearing is needed.

IT IS FURTHER ORDERED that this Court will hold an expedited ZOOM hearing on said motion, which will be held on: _**January 25, 2021**_ at _**1:30**_ (a.m. / p.m.) in the County Court No. 5 of Hidalgo County Texas. ZOOM invite and passcode are **ZOOM link information will be sent out the day prior to all parties.** _____.

SIGNED this **13th** day of **January**, 2020.

_____ B.R.
**PRESIDING JUDGE** 01/13/2021 2:40:47 PM

cc:

Mr. J. Michael Moore
Moore Law Firm
Fax: 888-266-0971
Email: lit-docket@moore-firm.com

Mr. Joseph E. Cuellar
jcuellar@valdeztrevino.com
Valdez & Treviño
Attorneys At Law, P.C.
Fax: (210) 598–8797

Received from the Court
On ___01/14/2021 10:05 AM
Initials: ___OG___

**For further information, please contact the Court, 956-292-7740**

**Tab N**

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. CL-20-2697-I

| | | | |
|---|---|---|---|
| Luciana Ramirez VS. Dolgencorp of Texas Inc., dba Dollar General Corporation | § § § § § § | Case Type:<br>Date Filed:<br>Location: | **All Other Civil Cases (OCA)**<br>**07/02/2020**<br>**County Court at Law #9** |

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **Dolgencorp of Texas Inc., dba Dollar General Corporation** | **Attorneys**<br>**Jose "JJ" Trevino, Jr.**<br>*Retained*<br>210-598-8686(W) |
| **Plaintiff** | **Ramirez, Luciana** | **JAMES MICHAEL MOORE**<br>*Retained*<br>956-631-0745(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/02/2020 | **Original Petition (OCA)**<br>*Petitioner's Verified Rule 202 Petition Seeking Pre-Suit Discovery of Respondent, Dolgencorp of Texas Inc., D/B/A Dollar General Corporation, and Application for Temporary Restraining Order and Temporary Injunction to Preserve Evidence* |
| 07/09/2020 | **Citation Issued**<br>*DOLGENCORP OF TEXAS INC., DBA DOLLAR GENERAL CORPORATION* |
| 07/09/2020 | **Order Filed**<br>*Order For Temporary Restraining Order* |
| 07/09/2020 | **Order Filed**<br>*ORDER FOR TEMPORARY RESTRAINING ORDER* |
| 07/14/2020 | **Temporary Restraining Order, Signed**<br>*Show cause hrg set for 7-30-20 @ 9:00 am* |
| 07/14/2020 | **Clerk's Entry**<br>*TRO SENT BY EMAIL AND MAIL ADDRESS ON ORDER* |
| 07/15/2020 | **Bond**<br>*surety bond* |
| 07/16/2020 | **Other**<br>*TEMPORARY RESTRAINING ORDER* |
| 07/16/2020 | **Answer**<br>*Respondent's Original Answer* |
| 07/30/2020 | **Temporary Restraining Order Hearing**  (10:30 AM) ()<br>*VIA ZOOM lit-docket@moore-firm.com jcuellar@valdeztrevino.com*<br>Result: Held |
| 07/30/2020 | **Other**<br>*Response to Application for Termporary Injunction* |
| 07/30/2020 | **Order Filed**<br>*Order Denying Temporary Injunction and Dissolving TRO* |
| 07/30/2020 | **Case Called**<br>*case heard via zoom; c/r tina fasci; tro ext to 8/13/20 @ 10:30am* |
| 07/30/2020 | **Order Filed**<br>*ORDER DENYING TEMPORARY INJUCTION* |
| 07/31/2020 | **Other**<br>*Order Extending Temporary Restraining Order* |
| 08/05/2020 | **Order Signed**<br>*order to extend tro signed; case set for hrg on 8/13/20* |
| 08/05/2020 | **Order Extending Temporary Restraining Order, Signed**<br>*SENT VIA EMAIL* |
| 08/13/2020 | **Temporary Restraining Order Hearing**  (10:30 AM) ()<br>*ext from 7/30/20- VIA ZOOM lit-docket@moore-firm.com jcuellar@valdeztrevino.com*<br>Result: Held |
| 08/13/2020 | **Case Called**<br>*ATTY M MOORE & ATTY JOSEPH CUELLAR PRESENT VIA ZOOm SUBMIT RULE 11 TO PRESERVE EVIDENCE 202 RULE ORDER SETTING HRG TO BE SUBMITTED* |
| 10/05/2020 | **Notice of Filing, Filed**<br>*notice to the court* |
| 10/07/2020 | **Other**<br>*MOTION FOR ENTRY OF ORDER AND REQUEST FOR SETTING ON THE MERITS OF PETITIONER'S RULE 202 PETITION* |
| 10/07/2020 | **Order Filed**<br>*order on TRO & setting hearing* |
| 10/15/2020 | **Temporary Restraining Order, Signed**<br>*order for temp restraining order signed; hrg set for 10/28/20 @10:30am via zoom* |
| 10/27/2020 | **Vacation Letter Filed by Attorneys**<br>*rec'd via efile; atty moore out on vacation from 11/29/20 to 12/16/20* |
| 10/27/2020 | **Notice of Filing, Filed**<br>*revised vacation letter* |
| 10/28/2020 | **Temporary Restraining Order Hearing**  (10:30 AM) () |

| Date | Entry |
|---|---|
| | *via zoom- Petitoner's Rule 202 petition seeking pre-suit discvoery of respondent lit-docket@moore-frim.com jcuellar@valdeztrevino.com* |
| | Result: Held |
| 10/28/2020 | **Response** |
| | *Response in Opposition to Verified Rule 202 Petition Seeking Pre-Suit Discovery* |
| 10/29/2020 | **Case Called** |
| | *court reporter tina fasci, case heard on 10/28/20 via zoom;* |
| 11/04/2020 | **Order Filed** |
| | *Order Granting Petitioner's Verified Rule 202 Petition Seeking The Deposition Of Corporate Representative Of Respondent* |
| 11/04/2020 | **Notice of Filing, Filed** |
| | *Notice Of Compliance By Service Of Letters Of Preservation In Other Similar Cases* |
| 11/12/2020 | **Order Signed** |
| | *order granting petitioner's verified rule 2020 petition seeking the depo of corporate respresentative of respondent signed* |
| 11/12/2020 | **Order, Signed** |
| | *ORDER GRANTING* |
| 12/08/2020 | **Motion** |
| | *Respondent's Motion to Quash Deposition Notice of Dollar General* |
| 12/08/2020 | **Order Filed** |
| | *ORDER SETTING EXPEDITED HEARING ON RESPONDENT'S MOTION TO QUASH DEPOSITION NOTICE OF DOLLAR GENERAL* |
| 12/09/2020 | **Order Setting Hearing, Signed** |
| | *expedited hg on respondent's mtn to quash depo notice of dollar general set for hrg on 12/22/20 @ 10:30am via zoom* |
| 12/09/2020 | **Order, Signed** |
| | *OSH EXPEDITED MOT TO QUASH DEPOSITION NOTICE OF DOLLAR GENERAL/SENT VIA EMAIL* |
| 12/17/2020 | **Order of Transfer, Signed** |
| 12/21/2020 | **Answer** |
| | *Petitioner s Response to Respondents Motion to Quash* |
| 12/22/2020 | **Motion to Quash** (10:30 AM) () |
| | *via zoom- RESPONDENT'S MTN TO QUASH DEPOSITION NOTICE OF DOLLAR GENERAL lit-docket@moore-firm.com jcuellar@valdeztrevino.com* |
| | Result: Held |
| 12/22/2020 | **Reply** |
| | *Respondent's Reply Motion to Quash Deposition Notice of Dollar General* |
| 12/22/2020 | **Case Called** |
| | *case heard via zoom; court reporter tina fasci; attys michae moore & j. cuellar; mtn to quash denied; order to set dep date due by 12/23/20* |
| 12/22/2020 | **Order Filed** |
| | *Respondent's Opposed Proposed Order Denying Motion to Quash and Setting Rule 202 Deposition* |
| 12/22/2020 | **Order Filed** |
| | *Order Denying Respondent s Motion To Quash and Order setting Deposition* |
| 12/22/2020 | **Order Filed** |
| | *Respondent's Opposed Proposed Order Denying Motion to Quash and Setting Rule 202 Deposition* |
| 12/23/2020 | **Order Denying, Signed** |
| | *order denying motion to quash and setting rule 202 deposition signed* |
| 12/23/2020 | **Notice** |
| | *WRIT OF MANDAMUS REC'D FROM COA* |
| 12/23/2020 | **Order Filed** |
| | *ORDER DENYING RESPONDENT S MOTION TO QUASH* |
| 12/28/2020 | **Order Filed** |
| | *ORDER SETTING EXPEDITED HEARING ON PETITIONER S REQUEST FOR SANCTIONS* |
| 01/05/2021 | **Other** |
| | *ORDER RECEIVED FROM 13TH COA* |
| 01/08/2021 | **Sent to Workflow Queue** |
| | *ORDER SETTING EXPEDITED HEARING ON PLTFF'S REQUEST FOR SANCTIONS* |
| 01/08/2021 | **Notice of Filing, Filed** |
| | *RESPONDENT DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL CORPORATION S NOTICE OF FILING RULE 11 AGREEMENT* |
| 01/08/2021 | **Order Filed** |
| | *Order Vacating Prior Rule 202 Deposition Orders* |
| 01/12/2021 | **Sent to Workflow Queue** |
| | *ORD VACTING SENT TO COURT* |
| 01/13/2021 | **Order Setting Hearing, Signed** |
| | *SET FOR 1/25/2021* |
| 01/13/2021 | **Other** |
| | *Plaintiff s First Amended Original Petition and Notice of Required Disclosures* |
| 01/14/2021 | **Clerk's Entry** |
| 01/25/2021 | **Hearing** (1:30 PM) () |
| | *Petitioner's Request for Sanctions* |

---

**FINANCIAL INFORMATION**

| | | | | |
|---|---|---|---|---|
| **Plaintiff** Ramirez, Luciana | | | | |
| Total Financial Assessment | | | | 287.00 |
| Total Payments and Credits | | | | 287.00 |
| **Balance Due as of 01/22/2021** | | | | **0.00** |
| 07/06/2020 | Transaction Assessment | | | 287.00 |
| 07/06/2020 | EFile Payments from TexFile | Receipt # 2020-007024 | Ramirez, Luciana | (287.00) |

**Tab O**

{00661531}

**Case:**

**13-20-00540-CV**

**Date Filed:**

12/18/2020

**Case Type:**

Mandamus

**Style:**

In re Dolgencorp of Texas Inc. d/b/a Dollar General Corporation

**v.:**

**Orig Proc:**

Yes

**Transfer From:**

**Transfer In:**

**Transfer Case:**

**Transfer To:**

**Transfer Out:**

**Pub Service:**

## APPELLATE BRIEFS

| Date | Event Type | Description | Document | |
|------|-----------|-------------|----------|---|
| 12/18/2020 | Petition for writ of mandamus filed | Relator | [ PDF/774 KB ]<br>[ PDF/127 KB ] | Mandamus<br>Notice |

## CASE EVENTS

| Date | Event Type | Disposition | Document | |
|------|-----------|-------------|----------|---|
| 01/12/2021 | Order issued | Abated | [ PDF/111 KB ] | Order |
| | | | [ PDF/126 KB ] | Notice |
| 01/12/2021 | Motion disposed | Grant motion | | |
| 01/12/2021 | Motion to abate appeal disposed | Grant motion | | |
| 01/08/2021 | Motion filed | | [ PDF/403 KB ] | Motion |
| 01/08/2021 | Fee paid | | | |
| 01/08/2021 | Motion to abate appeal filed | | [ PDF/403 KB ] | Motion |
| 01/04/2021 | Motion for temporary relief disposed | Grant motion | | |
| 01/04/2021 | Order entered | | [ PDF/113 KB ] | Order |
| | | | [ PDF/127 KB ] | Notice |
| 12/23/2020 | Fee paid | | | |
| 12/23/2020 | Motion for temporary relief filed | | [ PDF/716 KB ] | Motion |
| 12/18/2020 | Fee paid | | | |
| 12/18/2020 | Record filed | | | |
| 12/18/2020 | Petition for writ of mandamus filed | | [ PDF/774 KB ] | Mandamus |
| | | | [ PDF/127 KB ] | Notice |

## CALENDARS

| Set Date | Calendar Type | Reason Set |
|----------|--------------|-----------|
| 01/12/2021 | Status | Appeal abated |
| 01/14/2021 | Status | Response due |
| 02/11/2021 | Status | Response due |
| 12/18/2020 | Original Proceedings | Mandamus |

## PARTIES

| Party | PartyType | Representative |
|-------|-----------|---------------|
| Ramirez, Luciana | Real party in interest | Hon. J. Michael Moore |
| Cantu, Arnoldo | Respondent | |
| Dolgencorp of Texas, Inc. d/b/a Dollar General Corporation | Relator | Hon. Joseph Cuellar<br>Hon. Jose Trevino Jr. |

## TRIAL COURT INFORMATION

**Court**

County Court at Law No. 5

**County**

Hidalgo

**Court Judge**

Honorable Arnoldo Cantu

**Court Case**

CL-20-2697-E

**Reporter**

**Punishment**

To view or print PDF files you must have the Adobe Acrobat® reader. This software may be obtained without charge from Adobe. Download the reader from the Adobe Web site

/

**Tab P**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **LUCIANA RAMIREZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 7:21-CV-34** |
| | § | |
| **DOLGENCORP OF TEXAS, INC.,** | § | |
| **D/B/A DOLLAR GENERAL** | § | |
| **CORPORATION,** | § | |
| *Defendant.* | § | |

---

## LIST OF COUNSEL OF RECORD

---

**Counsel for Plaintiff, Luciana Ramirez:**

> J. Michael Moore
> State Bar No. 14349550
> 4900 North 10th Street, Suite F3
> McAllen, Texas 78504
> Tel. No. 956-631-0745
> Fax No. 866-266-0971
> E-mail: mmoore@moore-firm.com

**Counsel for Defendant Dolgencorp of Texas:**

> **Jose "J.J." Treviño**
> State Bar No. 24051446
> S.D. Tex. Bar No. 1076595
> jtrevino@valdeztrevino.com
> **Joseph E. Cuellar**
> State Bar No. 24082879
> S.D. Tex Bar No. 302170
> jcuellar@valdeztrevino.com
> **VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
> Callaghan Tower
> 8023 Vantage Drive, Suite 700
> San Antonio, Texas 78230
> Telephone: (210) 598-8686
> Facsimile: (210) 598-8797

{00661578}